UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WAYNE SCOTT,<br><br>            Petitioner,<br><br>    v.<br><br>SHAWN HATTON, Warden, Correctional Training Facility,<br><br>            Respondent. | No.  1:16-cv-00599-LJO-SKO  HC<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND GRANTING PETITIONER'S MOTION TO AMEND PETITION BY STRIKING UNEXHAUSTED CLAIM**<br><br>**(Docs. 16, 18, and 19)** |

Petitioner Roger Wayne Scott is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 29, 2016, Respondent Shawn Hatton, Warden of the Correctional Training Facility, moved to dismiss the petition as a mixed petition, that is, a petition including both exhausted and unexhausted claims.  On August 30, 2016, Petitioner conceded that he had failed to exhaust ground 4(A) of the petition and moved to amend the petition by striking ground 4(A).

## Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

1

The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Petitioner concedes that he has not exhausted ground 4(A) of the federal petition, in which he alleges that the prosecutor failed to instruct the jury on unanimity. If a federal petition is not fully exhausted, the Court is required to dismiss it. 28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22. For this reason, Petitioner moves to amend the petition by withdrawing ground 4(A).

## Amendment of Petition

Petitioner is not entitled to amend his petition as a matter of course under F.R.Civ.P. 15(a)(1). Instead, he can amend only with leave of court. F.R.Civ.P. 15(a)(2). "The court should freely give leave when justice so requires." F.R.Civ.P. 15(a)(2). Because striking ground 4(A) will render the petition fully exhausted and permit Petitioner's remaining claims to proceed on their merits, the Court will grant Petitioner's motion to amend and deny Respondent's motion to dismiss the petition as mixed.

///

///

**Conclusion and Order**

Accordingly, it is hereby ORDERED:

1. Petitioner's motion to amend the petition is hereby GRANTED.

2. Claim 4(A) ("prosecutor failure to give jury unanimity instruction" (Doc. 1 at 10)) is hereby STRICKEN from the petition.

3. Respondent's motion to dismiss the petition as a mixed petition is hereby DENIED.

IT IS SO ORDERED.

Dated:   **October 2, 2016**                        /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE